IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MOGENSEN V. MOGENSEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STEVEN MOGENSEN, APPELLEE,

V.

KEITH MOGENSEN, APPELLANT.

Filed January 17, 2017.    No. A-15-848.

Appeal from the District Court for Boone County: RACHEL A. DAUGHERTY, Judge. Affirmed.

George H. Moyer, of Moyer & Moyer, for appellant.

David S. Houghton and Keith A. Harvat, of Houghton, Bradford & Whitted, P.C., L.L.O., and Jeffrey C. Jarecki, of Jarecki Law, P.C., L.L.O., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

### INTRODUCTION

Keith Mogensen appeals from an order of the district court for Boone County which granted a receiver the authority to sell the personal property of Mogensen Brothers Land and Cattle Company, a partnership between Keith and his two brothers, Steven Mogensen and Brian Mogensen. Based on the reasons that follow, we affirm.

### BACKGROUND

Keith, Steven, and Brian formed Mogensen Brothers Land and Cattle Company, a farming partnership, in 1982 by a written agreement, which was amended in 1987.

In June 2013, Steven filed a complaint against Keith and Brian, alleging they had breached the partnership agreement, violated the Uniform Partnership Act, and breached their fiduciary duties as partners. Steven filed an amended complaint in July. Steven sought a full accounting of partnership assets and profits, disgorgement of partnership profits, the imposition of a constructive trust for property and assets of the partnership, and disassociation of Brian and Keith from the partnership. In November, Brian was dismissed as a party to the case without prejudice.

In December 2013, Keith filed an application for appointment of a receiver for the partnership. The court granted Keith's application and appointed a receiver. Among the instructions set forth by the court for the receiver was an instruction which provided that "the Receiver shall submit periodic reports to the parties not less frequently than quarterly and may report them to the Court and file Motions requesting Instructions, seeking clarification or authorizing other actions, or permitting the Receiver to take other steps as the Receiver deems reasonably prudent and necessary."

The receiver filed an acceptance of appointment in February 2014. Since the time of his appointment, the receiver has filed numerous motions seeking authorization to take various actions and has filed reports as ordered by the court.

On July 24, 2015, the receiver filed a "Motion for Approval to Marshal Mogensen Brothers Personal Property and Authority to Sell," asking the court to authorize him "to expend the financial resources necessary to physically assemble and relocate ('Marshal') all of the personal property of the Mogensen Brothers Land and Cattle partnership . . . into one central location," and for authority "to hire an auction company to sell all of the personal property owned by [the partnership]." The receiver also asked the court for authority to sell all of the livestock owned by the partnership.

A hearing on the receiver's motion was heard on August 4, 2015. Steven had no objection to the motion. Keith objected to the motion, and the court asked the receiver if he had any evidence in support of the motion. The receiver offered a copy of his affidavit he had attached to the motion, and it was received into evidence. In the affidavit, the receiver stated that he was appointed as the receiver over Mogensen Brothers Land and Cattle Partnership on January 30, 2014, and since that time, he had become familiar with all aspects of the farming and ranching operations of the partnership. It stated that starting in late winter 2014, and since then, he had been conducting several business matters, including the renting out of all the partnership's real estate. The affidavit further stated that the receiver was principally interested in selling all the farm equipment and machinery previously needed by the partnership when it was the active farm and ranch operator for the real estate. It stated that the last time the partnership actively farmed the partnership's real estate was in 2013. After the receiver's appointment in January 2014, the receiver leased out all of the real estate to third parties. The equipment and machinery were not needed for conducting farming and ranching operations in 2014. In 2015, the receiver again entered into lease arrangements for the partnership's real estate and the farming and ranch equipment went unused for the 2015 growing season. The receiver stated in the affidavit that he does not know when the equipment and machinery will be used again and he is concerned that it will depreciate in value if the litigation continues and the equipment goes unused. The receiver believed that the sale and disposition of the personal property was in the best interests of the receivership.

The receiver also offered an inventory of personal property that he had prepared in the spring of 2014. The exhibit was received into evidence.

After the receiver presented his evidence, Keith called the receiver to testify. The receiver testified that the partnership owns approximately 3,600 acres of land located in various parts of Boone County, with the exception of 480 acres located in Greeley County. He testified that the various tracts of land each have various personal property located on them, particularly equipment used for farming and ranching.

The receiver testified that prior to his involvement as receiver, the partnership had farmed its land through the 2013 growing season. He testified that he did not know and could not predict whether or not the partnership would continue farming after the dissociation action was resolved.

The receiver testified that he and the farm manager had been discussing whether to physically marshal all of the property to one site and prepare it for auction or whether to leave the property where it is at do a "virtual marshalling" by taking pictures of the property, identifying the values and selling the property online. He stated that no decision had been made on which option would be the best way to handle selling the property. He testified that he estimated the cost to marshal the property into one location would be between $50,000 and $75,000, due to the "vastness of assets" that are involved. He explained that there is a lot of personal property in a lot of different locations, at various stages of operation.

The receiver also testified that he had talked to the partnership's accountant about the tax ramifications of an auction. He stated that based on information from the accountant, depreciation had been claimed on the property for tax purposes, but the receiver did not know the specifics. He was asked if he was aware of the tax consequences of recapturing depreciation on equipment that has previously been claimed as depreciated property. The receiver said he had a general familiarity, but not to the extent of a tax expert.

Keith's counsel, in his closing comments, stated that his main objection to the receiver's motion was the proposal to marshal the assets into one location. He stated that consolidating all the property from the various tracts of land is an inefficient way to handle the property. He stated that a more efficient way to handle the sale of the property would be to have an auction company go to the various tracts of land and appraise the personal property to be sold. Keith's counsel also stated that there would be significant tax issues with recapturing the depreciation on the personal property. He further stated that it was premature to sell the personal property when it was unknown whether or not the partnership would use the property going forward as it did before the receiver was appointed.

Following the hearing, the trial court entered an order granting the motion and granting the receiver the authority to marshal the assets in a way he deemed most practical, and to sell the property.

ASSIGNMENTS OF ERROR

Keith assigns that the trial court erred in (1) failing to recognize that the partnership is an entity which will continue after the disassociation matter is resolved, (2) concluding that a sale is necessary to prevent depreciation of the farm machinery, (3) failing to find that the evidence was

insufficient to show that depreciation and depletion are occurring at a rate which will outweigh the tax consequences of a sale or the cost of assembling the property for sale, and (4) ordering a sale.

## STANDARD OF REVIEW

On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court. *Sutton v. Killham*, 22 Neb. App. 257, 854 N.W.2d 320 (2014).

## ANALYSIS

Keith's four assignments of error can be consolidated into one: The trial court erred in finding there was sufficient evidence to grant the receiver's "Motion for Approval to Marshal Mogensen Brothers Personal Property and Authority to Sell," authorizing him to sell the partnership's farming equipment and machinery. The record shows that the receiver was appointed in January 2014 and since that time has been very involved with the partnership's operations. The Supplemental Transcript provides documentation of all the actions requested and undertaken by the receiver since his appointment. The receiver's affidavit states that he has become very familiar with the farming and ranching operations of the partnership.

The evidence showed that the receiver had leased out the real estate owned by the partnership to third parties since January 2014. The last time the partnership actively farmed the real estate was in 2013 and since then the equipment and machinery had not been used for conducting farming and ranching operations. The receiver indicated that he had no way of knowing how long the pending litigation would last and whether the equipment would be used after it ended. However, he was concerned that if the litigation continues and the equipment continues to go unused it will depreciate in value.

Although the receiver presented no specific evidence regarding the cost and the tax liability that will come with marshalling and selling the property, the receiver had become intimately familiar with the farming and ranching operations. Based on his experience and involvement with the partnership and it operations, he testified that in his opinion the sale and disposition of the personal property was in the best interests of the receivership.

Although Keith objected to the motion, he presented no evidence to show that selling the property was not in the partnership's best interests.

A receiver is generally obliged to preserve and protect property for the benefit of all parties. Such a duty requires that the receiver proceed with the same care and diligence that an ordinary prudent person would use in caring for and handling property under like circumstances. See *Dickie v. Flamme Bros.*, 251 Neb. 910, 560 N.W.2d 762 (1997). Based on the record before us, we determine that the receiver was fulfilling his duty to preserve and protect the property by filing a motion to marshal and sell the personal property. By asking the court for permission to sell the property, he was doing what was in the best interests of the partnership, rather than letting the property continue to depreciate in value. Upon our de novo review, we determine that the trial court did not err in granting the receiver's motion and granting him the authority to marshal the assets in a way he deemed most practical, and to sell the property.

## CONCLUSION

We conclude that the trial court did not err in granting the receiver's "Motion for Approval to Marshal Mogensen Brothers Personal Property and Authority to Sell," authorizing him to sell the partnership's personal property. Accordingly, the order of the trial court is affirmed.

AFFIRMED.